IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SUSAN LOUISE KESLER, )
)
       Plaintiff, )
)
  v. ) Civil Action No. 14-1-E
)
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

O R D E R

AND NOW, this 30th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's primary argument is that the Administrative Law Judge ("ALJ") erred in finding that her mental symptoms, particularly her anxiety and depression, did not constitute severe impairments at Step Two of the sequential analysis and that this error was not harmless. The Court disagrees.

The Court first notes that the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe, so long as, as discussed below, he properly accounted for all impairments at Steps Four and Five. Nonetheless, in any event, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's mental impairments were not severe.

At Step Two of the disability determination process, a claimant has the burden of demonstrating that he or she has a "severe" impairment or combination of impairments. See 20 C.F.R. §§ 404.1512(a), 404.1520(c); Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). An impairment is "not severe" where the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities. See Social Security Ruling 85-28, 1985 WL 56856 (S.S.A.), at *3 (1985); Newell v. Commissioner of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003)(citing SSR 85-28). Thus, the severity step of the sequential evaluation process functions as "a de minimus screening device to dispose of groundless claims."

Newell, 347 F.3d at 546. See also McCrea v. Commissioner of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (holding that the "burden placed on an applicant at step two is not an exacting one").

However, even under this lenient standard, the Court finds that the ALJ's decision that Plaintiff's anxiety and depression were not severe impairments was supported by substantial evidence. As Plaintiff understands, her last date insured was December 31, 2010, and, to be eligible for DIB benefits, she had to establish that she was disabled as of that date. See 42 U.S.C. § 423(a)(1)(A). Thus, Plaintiff was "required to demonstrate the existence of a mental impairment that precluded her from performing substantial gainful activity for a continuous period of twelve months prior to the expiration of her insured status." Kelley v. Barnhart, 138 Fed. Appx. 505, 507 (3d Cir. 2005). Plaintiff, while acknowledging that she only sought formal psychiatric treatment after her date last insured, argues that her issues with anxiety and depression were raised prior to the expiration of her insured period. However, the Court finds no merit in this argument.

Plaintiff's sporadic and often vague references to anxiety and depression during her insured period, and her use of certain medications at that time not prescribed by a mental health specialist, did not establish the existence of any concrete work-related limitations that existed prior to January 1, 2011. The mere existence of an underlying medical condition prior to the date last insured is insufficient at Step Two without evidence that the condition significantly limited her ability to do basic work activities during the insured period. See Perez v. Commissioner of Soc. Sec., 521 Fed. Appx. 51, 54-55 (3d Cir. 2013). Thus, even assuming that Plaintiff did experience symptoms of anxiety and depression prior to her date last insured, she does not at any point establish what functional limitations her anxiety and depression created during her insured period. Indeed, even if the Court were to assume that Plaintiff's later diagnosis of anxiety and depression relate back to the insured period, this mere diagnosis alone would not complete the statutory analysis necessary at Step Two, as it would not reveal the degree of functional limitation resulting from her mental impairments. See Maddaloni v. Commissioner of Soc. Sec., 340 Fed. Appx. 800, 802 (3d Cir. 2009). Rather, the ALJ must consider the four broad categories identified in Listing 12.00C in rating the claimant's degree of functional limitation from her mental impairments –

(1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation -- and determine the severity of the mental impairments. See id.; 20 C.F.R. §§ 404.1520a(c)(3), (d). Here, the ALJ did just that and found that Plaintiff suffered mild or no limitations as to the first three criteria, and that she had no episodes of decompensation, and properly found, therefore, that her impairments were not severe. See 404.1520a(d)(1); Maddaloni, 340 Fed. Appx. at 802. The Court cannot say that substantial evidence does not support this finding.

As the ALJ pointed out, Plaintiff did not seek out or receive any formal mental health treatment until well after her date last insured. Moreover, the ALJ acknowledged and addressed the references in the medical records to Plaintiff's anxiety prior to her date last insured, and the fact that she was prescribed anti-depressant and anti-anxiety medications during that period, but found that these incidents did not establish any severe impairment prior to January 1, 2011. Further, in making his findings, the ALJ relied, not only on the lack of a treatment record prior to Plaintiff's date last insured, but also on her reported activities and the opinion of the state reviewing agent, Sandra Banks, Ph.D., to which the ALJ afforded significant weight. (R. 16-17). He also pointed out, consistent with Plaintiff's testimony, that she had retired from the job she held for 35 years to take advantage of the opportunity for an "early out," and that her retirement was not compelled by her medical problems. (R. 18, 20). Taken as a whole, the Court finds this to constitute substantial evidence, even under the low standard governing Step Two analysis. Indeed, the record is essentially devoid of evidence that Plaintiff's mental conditions significantly limited her ability to do basic work activities prior to the expiration of her insured period (and quite likely after that period as well), such as understanding, carrying out, and/or remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. § 404.1521(b); Yuckert, 482 U.S. at 141.

Accordingly, the Court finds that substantial evidence supports the ALJ's Step Two determination. The Court notes, however, that even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations

4

and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. § 404.1545(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may -- when considered with limitations or restrictions due to other impairments -- be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, merely because the ALJ did not find Plaintiff's anxiety and depression to be severe does not mean that these conditions could not still have affected Plaintiff's RFC. Here, however, substantial evidence supports the ALJ's findings as to Plaintiff's functional limitations. As stated above, there is essentially no evidence that establishes that whatever issues Plaintiff had with regard to anxiety and depression prior to January 1, 2011 had any impact on her work-related functional ability.

Plaintiff further argues that the ALJ erred in failing to give controlling weight to the July 6, 2012 opinion of her treating physician, Dr. Gerald LaRochelle, M.D., as to her physical limitations, particularly his opinion that she would miss more than 5 days of work per month and that she would often require additional work breaks. (R. 515). It is, of course, axiomatic that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that a treating physician's opinion is to be given "controlling weight" where the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, an ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he or she may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. Here, though, the ALJ adequately explained why he gave less weight to the opinion of Dr. LaRochelle, particularly as it related to the insured period that ended 18 months prior to his opinion, and substantial evidence supports his findings.

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

<pre>
                                        s/Alan N. Bloch
                                        United States District Judge

ecf:    Counsel of record
</pre>